United States District Court
Southern District of Texas

**ENTERED**

August 08, 2022

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| SHONDA RENEE SWARTHOUT, | § | |
| (TDCJ # 00793382) | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-22-2456 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Shonda Renee Swarthout, a Texas state inmate representing herself, has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254, challenging her 1997 conviction and sentence for capital murder. (Docket Entry No. 1). Under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, the court is required to review a petition for federal habeas corpus relief and dismiss it if "[i]t plainly appears from the petition . . . that the petitioner is not entitled to relief." After considering Swarthout's petition and all matters of record, the court dismisses her petition. The reasons are explained below.

I.      **Background**

In June 1997, Swarthout was convicted of capital murder and sentenced to life imprisonment. *See* Inmate Information Search, available at https://inmate.tdcj.texas.gov/ (last visited July 26, 2022). In her current petition, Swarthout alleges that the evidence presented at her trial was insufficient to sustain a conviction for capital murder, that new scientific evidence establishes her actual innocence, that she is factually innocent of the offense, and that her sentence is unconstitutionally excessive. (Docket Entry No. 1, pp. 5-10). She seeks reversal of her conviction and remand for resentencing on a reduced charge. (*Id.* at 15).

The court's records show that Swarthout filed a previous federal habeas petition challenging her 1997 conviction, which was dismissed as untimely filed. *See Swarthout v. Lumpkin*, Civil No. H-22-768 (S.D. Tex. Apr. 22, 2022). Swarthout admits in her current petition that she filed the previous petition, but she alleges that she has cured her untimeliness by securing a new ruling on a state habeas application from the Texas Court of Criminal Appeals. (Docket Entry No. 1, pp. 3, 13).

## II.    Discussion

Swarthout's petition for federal habeas relief is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254; *see also Woodford v. Garceau*, 538 U.S. 202, 207 (2003); *Lindh v. Murphy*, 521 U.S. 320, 335-36 (1997). "Under AEDPA, a state prisoner always gets one chance to bring a federal habeas challenge to his conviction." *Banister v. Davis*, 140 S. Ct. 1698, 1704 (2020) (citing *Magwood v. Patterson*, 561 U.S. 320, 333-34 (2010)). But before filing a second or successive petition, the petitioner "must first obtain leave from the court of appeals based on a 'prima facie showing' that [the] petition satisfies [AEDPA]'s gatekeeping requirements." *Id.* A petitioner may not bring claims "presented in a prior application," 28 U.S.C. § 2244(b)(1), and "may bring a new claim only . . . if [the petition] relies on a new and retroactive rule of constitutional law or if it alleges previously undiscoverable facts that would establish his innocence." *Banister*, 140 S. Ct. at 1704 (citing 28 U.S.C. § 2244(b)(2)). A district court cannot consider any claim, even a new one, in a second or successive petition without an order from the court of appeals authorizing the district court to do so. *See* § 2244(b)(3)(A). Absent such authorization, the action must be dismissed for lack of jurisdiction.

Swarthout challenged the same state-court judgment in a previous federal habeas petition, and the issues she raises could have been, and in fact were, raised in her earlier petition. Her

2

current petition is successive under 28 U.S.C. § 2244(b), and she must seek authorization from the Fifth Circuit before this court may consider it. *See* 28 U.S.C. § 2244(b)(3)(A). This court has no record of an order from the Fifth Circuit authorizing Swarthout to file a successive petition. Without this authorization, this court has no jurisdiction to consider her current petition.

Swarthout's petition, (Docket Entry No. 1), is dismissed without prejudice as successive. All pending motions, including Swarthout's motion to proceed without prepaying the filing fee, (Docket Entry No. 2), are denied as moot. A certificate of appealability will not be issued.

SIGNED on August 8, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge